UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELIAS PROPERTIES
EAST SETAUKET, LLP,

       Plaintiff,

   - against -

KOHL'S DEPARTMENT
STORES, INC., et al.,

       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 04-1274 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

  Having reviewed the parties' submissions, docket entries 26 and 28, I now GRANT the plaintiff's application for an order compelling the depositions of defendant Steven Thomas and of Shirley Lemerond, an employee of defendants Kohl's Departments Stores, Inc. The defendants' position that it can refuse to produce the witnesses for deposition on the blanket assertion of attorney-client privilege is frivolous. A witness may decline to answer individual questions on the basis of a properly-invoked privilege, *see* Loc. Civ. R. 26.2, but that basis can only be established through answers to deposition questions or other discovery methods.

  As far as I can determine from the parties' submissions, there was no substantial justification for the defendants' refusal to make the witnesses available for deposition on the basis of an assertion of privilege. I am therefore compelled to require the defendants or their attorneys to pay the plaintiff the reasonable expenses it incurred in making the motion, including attorney's fees unless I find, after affording the defendants' counsel an opportunity to be heard on the matter, that their position was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(4). Accordingly, no later than August 23, 2005, the defendants' counsel may submit a letter explaining the substantial justification for its position, or

alternatively identifying any other circumstances that render unjust an award of expenses. By the same date, plaintiff's counsel shall submit a letter and any appropriate supporting papers establishing its reasonable expenses, including attorney's fees, incurred in making the instant motion.

    **SO ORDERED.**

Dated: Central Islip, New York
       August 16, 2005

                                                  /s/ James Orenstein
                                                  JAMES ORENSTEIN
                                                  U.S. Magistrate Judge